IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ROBIN LYNN BUSBY | : | CIVIL ACTION |
| | : | |
| | : | NO.  22-3257 |
| | : | |
| | : | BKY. NO. 20-10529 |

## MEMORANDUM

KEARNEY, J.                                                                December 14, 2022

A former wife asks us to reverse the bankruptcy court's Order denying her petition to hold a mortgage creditor and its lawyer in contempt for collecting proceeds to satisfy an existing mortgage when she sold a residence owned by her and her former husband as tenants in common under Pennsylvania law. The former wife continues to mistakenly assert she had a fee simple interest in the former marital residence under a property settlement agreement as part of her divorce. But she ignores her property settlement agreement conditioned her fee simple interest in the residence upon her timely refinancing the mortgage obligation and removing her former husband from the mortgage within sixty days of signing the property settlement agreement. She did not do so. The deed granting her a fee simple interest never left her lawyer's escrow. No one recorded the deed. She later sold the former marital residence for over $900,000. The title clerk paid the mortgage creditor from the sale proceeds to satisfy the husband's share of the mortgage as a tenant in common owner and co-signer on the mortgage.

We face a wrinkle based on the mortgage creditor's mistake in releasing the former husband when it filed a satisfaction of mortgage as to the former wife in exchange for her $20,000 payment. The successor to the mortgage creditor later discovered the mistake and petitioned the state court to strike the mistaken satisfaction notice. The former wife then sought

bankruptcy protection. There is no evidence she timely notified the mortgage creditor of her bankruptcy before it persuaded the state court to strike the mistaken mortgage satisfaction and allow it to file a new one releasing only the former wife. The mortgage creditor only petitioned to proceed against the former husband's property interest as a tenant in common. It agreed to not proceed against the former wife.

The state court struck the undisputedly mistaken mortgage satisfaction. The mortgage creditor later sought and collected proceeds from the residence sale in exchange for releasing its mortgage. The former wife asked the state court to vacate its order striking the mistaken mortgage satisfaction. She lost this argument. The former wife then reopened her discharged bankruptcy and petitioned for contempt against the mortgage creditor and its lawyer for violating the earlier automatic stay by modifying the mortgage satisfaction and violating her discharge order by collecting proceeds at the residence sale. United States Bankruptcy Judge Ashely M. Chan held a hearing, evaluated post-hearing memoranda, and, like the state court Judge Wendy G. Rothstein reviewing the same facts, found the mortgage creditor and its lawyer acted lawfully.

We today evaluate the former wife's appeal of Judge Chan's denial of her contempt motion. Judge Chan's thorough analysis, like Judge Rothstein's analysis in state court, is soundly based on Pennsylvania law. The former wife created her problem by not complying with her obligations under a negotiated property settlement agreement. She never obtained clear fee simple title to the residence. The mortgage creditor and its lawyer acted lawfully seeking to vacate the mistaken mortgage satisfaction and ensuring payment from the residence sale in exchange for releasing the mortgage. We cannot find Judge Chan abused her discretion or erred as a matter of law. We affirm the August 1, 2022 Order denying the former wife's motion for contempt against the mortgage creditor and its lawyer.

## I.   Background

Robin Lynn Busby and her then-husband Robert Busby purchased a Montgomery County residence in March 2007.[1] They borrowed $100,000 from Guaranty Northeast Mortgage and gave Guaranty a mortgage on the residence.[2] Then married, they owned the residence as tenants by the entireties and each signed the mortgage to Guaranty promising to pay back the $100,000 as secured by the residence.[3]

The Busbys decided to end their marriage. Ms. Busby and Mr. Busby signed a Property Settlement Agreement as part of their divorce in September 2016 which would possibly allow Ms. Busby to own the residence by herself in fee simple.[4] They agreed Ms. Busby's lawyer would hold the deed transferring title to her in fee simple in escrow conditioned on Ms. Busby taking steps within sixty days to refinance the mortgage and the line of credit into her own name or otherwise remove Mr. Busby's name from the mortgage.[5] It is undisputed Ms. Busby did not satisfy this condition.[6] She did not timely satisfy the mortgage nor remove Mr. Busby from his obligations.[7] Her lawyer could not remove the deed from escrow and record it. The residence remained titled in both Mr. and Ms. Busby's name with the recorded mortgage to Guaranty.

The distinguished family court judge Honorable Daniel J. Clifford issued a divorce decree in October 2016.[8] The divorce decree included both the Property Settlement Agreement including the representation the deed transferring the residence to Ms. Busby in fee simple must be held in escrow.[9] The divorce decree, as a matter of Pennsylvania law, resulted in the Busbys now owing the residence as tenants in common.[10]

### *Ms. Busby does not satisfy the conditions in the Property Settlement Agreement.*

Ms. Busby took four months (double her agreed sixty days) to settle her mortgage liability with Guaranty relating to the mortgaged residence. She settled in January 2017 in

exchange for $20,000.[11] But she did not release her former husband's mortgage obligation or remove him from the mortgage obligation.[12] Guaranty agreed to file a release of mortgage as to Ms. Busby only.[13] Guaranty filed the recorded mortgage satisfaction on March 28, 2017.  But Guaranty mistakenly included a satisfaction of Mr. Busby's mortgage obligation.[14] Another year passed. Ms. Busby did not remove Mr. Busby from the obligation. The deed held by her lawyer in escrow since the Property Settlement Agreement remained unrecorded.

The Federal Deposit Insurance Corporation, as Guaranty's receiver, assigned the mortgage to SMS Financial in January 2018.[15] SMS Financial retained attorney Barry Krengel to evaluate opportunities to recover on the assigned mortgage.

### *SMS Financial moves to vacate the mistaken mortgage satisfaction solely to confirm it released only Ms. Busby.*

SMS Financial and Attorney Krengel petitioned the Court of Common Pleas of Montgomery County to strike Guaranty's mistaken mortgage satisfaction against Mr. Busby in April 2018.[16] Mr. Busby answered the petition in early June 2018.[17] We have no record of what happened for the next several months. But on January 20, 2020, the state court set a hearing on the petition to strike to be heard on February 4, 2020.[18] The state court mailed the hearing notice to both Ms. Busby (at the residence) and Mr. Busby and electronically served notice upon petitioner SMS Financial.

### *Ms. Busby promptly petitions for bankruptcy protection.*

Ms. Busby (presumably with mail notice of the February 4, 2020 hearing on the motion to strike) then petitioned for bankruptcy relief under Chapter 13 on January 28, 2020.[19] The parties do not adduce evidence of notice of the bankruptcy filing in early 2020 given to SMS Financial or Attorney Krengel. The Honorable Wendy G. Rothstein held the February 4, 2020 hearing with SMS Financial and Mr. Busby present.[20]  Ms. Busby and her lawyer did not

attend.[21] Judge Rothstein granted SMS Financial's April 2018 petition to strike the mistaken mortgage satisfaction and ordered SMS Financial to refile a release of mortgage as to Ms. Busby only on February 7, 2020.[22]

Returning to federal jurisdiction, United States Bankruptcy Judge Ashley M. Chan confirmed Ms. Busby's Chapter 13 plan and entered an order of discharge eighteen months later on August 5, 2021.[23] Ms. Busby signed an agreement of sale for the residence with proceeds in excess of $900,000 and settlement set for early October 2021.[24]

### *SMS Financial requires satisfaction of its mortgage when the Busbys sell the residence.*

Attorney Krengel learning of the potential sale repeatedly contacted Ms. Busby's attorney Paul Stewart throughout August and September 2021 attempting to confirm Mr. Busby's share of the proceeds from the residence's imminent sale.[25] Attorney Stewart responded: (1) Ms. Busby has been sole owner of the residential property since September 2016 under the Property Settlement Agreement; (2) Ms. Busby filed for bankruptcy on January 28, 2020; and (3) Attorney Krengel's repeated contacts attempting to collect proceeds from the sale of the residence violated the bankruptcy code's automatic stay in Ms. Busby's bankruptcy and Judge Chan's August 5, 2021 discharge order.[26]

Attorney Stewart petitioned to strike or vacate Judge Rothstein's February 7, 2020 Order on September 17, 2021.[27] Neither party suggests Ms. Busby attempted to expedite the resolution of her motion.

The Busbys instead progressed to sell the residence for over $900,000 even though Judge Rothstein did not yet have an opportunity to decide Ms. Busby's September 17, 2021 petition to vacate the February 7, 2020 Order. Ms. Busby and Mr. Busby sold the residence on October 4, 2021 for over $900,000.[28] Attorney Krengel provided the title agency with the payoff amount for

the existing mortgage against Mr. Busby's interest in the residential property.[29] The title agent
wired $101,824.52 to SMS Financial in satisfaction of its mortgage lien against Mr. Busby.[30]

### *Ms. Busby unsuccessfully challenges SMS's recovery in state and bankruptcy court.*

Judge Rothstein denied Ms. Busby's September 17, 2021 petition on November 29,
2021.[31]  Judge Rothstein confirmed her order without prejudice to Ms. Busby trying to reopen
the bankruptcy and seek a remedy from the bankruptcy court. Ms. Busby appealed to the
Pennsylvania Superior Court.[32] The Superior Court required Judge Rothstein describe her
reasons. Judge Rothstein issued a detailed opinion explaining her denial on February 22, 2022.[33]
The appeal remains pending.

Ms. Busby then returned to Judge Chan after Judge Rothstein issued her comprehensive
analysis. Ms. Busby reopened her bankruptcy case with Judge Chan and moved for contempt
against SMS Financial and Attorney Krengel on March 15, 2022.[34] Ms. Busby sought damages
alleging SMS Financial and Attorney Krengel willfully violated the automatic stay and for an
award of damages under 11 U.S.C. § 524 for violating Judge Chan's August 5, 2021 discharge
Order.[35] Judge Chan held a hearing on April 26, 2022 and considered post-hearing briefing.
Judge Chan denied Ms. Busby's contempt motion on August 1, 2022 after finding SMS
Financial and Attorney Krengel did not violate the automatic stay or her discharge order by
seeking payment of their mortgage solely from Mr. Busby's tenant in common interest in the
residence after the divorce decree.[36]

### II.   Analysis

Ms. Busby timely appealed Judge Chan's August 1, 2022 Order.[37] Ms. Busby argues
Judge Chan erred when she denied Ms. Busby's request for damages for: willful violations of the

automatic stay by appearing at a hearing noticed to Ms. Busby to strike the mistaken mortgage satisfaction without affecting Ms. Busby's release; and alleged violation of the discharge order by seeking payment from the residence sale proceeds in exchange for releasing the valid mortgage.[38] SMS Financial and Attorney Krengel argue we should affirm Judge Chan's August 1, 2022 Order because they (1) did not seek to collect a debt from the bankrupt debtor Ms. Busby or implicate Ms. Busby's estate when they argued to strike the mistaken mortgage satisfaction and (2) had an objectively reasonable basis to conclude demanding payment of the mortgage from Mr. Busby's portion of the residence's sale proceeds did not affect Ms. Busby's interest in the residence.[39]

Ms. Busby focuses on Judge Chan's finding Ms. Busby and Mr. Busby owned the residential property as tenants in common as opposed to finding Ms. Busby solely owned the residence in fee simple.[40] Judge Chan found because Ms. Busby and Mr. Busby owned the residence as tenants in common as a matter of law, the state court proceedings striking the mortgage satisfaction as to Mr. Busby did not affect Ms. Busby's property interest.[41] Judge Chan found SMS Financial and Attorney Krengel's demand to payoff Mr. Busby's mortgage from Mr. Busby's portion of the residence's sale proceeds similarly did not violate the discharge order because the demand "*did not* constitute an act to collect, recover, or offset any debt as a personal liability of" the debtor Ms. Busby.[42]

We review Judge Chan's denial of Ms. Busby's contempt motion for an abuse of discretion as to fact findings.[43] We will reverse only if the August 1, 2022 Order is "based on an error of law or a finding of fact that is clearly erroneous."[44] A factual finding is clearly erroneous if it is "completely devoid of a credible evidentiary basis or bears no rational relationship to the

supporting data."[45] Our review is deferential and we will uphold findings when they are "plausible in light of the record viewed in its entirety."[46]

We agree with SMS Financial and Attorney Krengel. We affirm Judge Chan's August 1, 2022 Order in its entirety. There is no basis to find an error of law or abuse of discretion in the fact findings.

### A. Judge Chan properly found no willful violations of the bankruptcy stay.

Ms. Busby offers four grounds to reverse. She argues Judge Chan (1) should not have found the never-recorded deed transferring the residence to Ms. Busby in fee simple to be legally inoperative, (2) erred when she found SMS Financial and Attorney Krengel had no notice of the bankruptcy proceedings when it moved to vacate the mistaken mortgage satisfaction, (3) erred when she found the bankruptcy petition did not discharge her Fall 2016 promises in the Property Settlement Agreement, and (4) improperly applied 11 U.S.C. § 362(a) allowing a court to find a party violated the automatic stay.[47] SMS Financial and Attorney Krengel counter (1) Ms. Busby and Mr. Busby held the residential property as tenants in common at the time of their conduct as a matter of law, (2) SMS Financial and Attorney Krengel did not know of Ms. Busby's bankruptcy when they petitioned to strike, and (3) the relief sought and payment demands following the order granting the motion to strike did not violate the automatic stay or the discharge order.[48] Our review of the record, counsels' briefing, and Judge Chan's August 1, 2022 memorandum compels we affirm Judge Chan's denial of Ms. Busby's contempt motion. Judge Chan's denial of Ms. Busby's contempt motion did not constitute an abuse of discretion because the denial is based on findings "plausible in light of the record when viewed in its entirety."[49]

### 1. Judge Chan properly found the escrowed deed legally inoperative.

Judge Chan properly concluded the escrowed deed transferring fee simple title to Ms. Busby legally inoperative because it remained with Ms. Busby's lawyer under the Property Settlement Agreement. It has no effect.

Ms. Busby contends the Property Settlement Agreement and deed incorporated in the divorce decree transferred the residence to Ms. Busby in fee simple and she became the 100% owner then.[50] SMS Financial and Attorney Krengel argue the deed is legally inoperative because Ms. Busby did not satisfy the conditions precedent to release the deed from escrow.[51] The deed remained unrecorded.[52] They argue Ms. Busby's undisputed failure to satisfy the condition under the Property Settlement Agreement resulted in Ms. Busby and Mr. Busby holding the residential property as tenants in common after the divorce decree as a matter of law.[53] We agree with SMS Financial and Attorney Krengel.

The parties do not dispute Ms. Busby and Mr. Busby owned the residence as tenants in common after the divorce decree as a matter of law.[54] They do not dispute Ms. Busby failed to meet the conditions precedent in the Property Settlement Agreement to release the deed from escrow.[55] The deed remained undelivered and legally inoperative because Ms. Busby did not "within 60 days from the date of execution of [the Property Settlement] Agreement, take the steps to refinance the mortgage and line of credit into her name or otherwise remove her name."[56] Judge Rothstein's February 2022 opinion confirms Ms. Busby did not deliver the deed.[57] The parties do not dispute Ms. Busby's January 2017 settlement agreement with Guaranty provides the residence "is now owned by Robert Busby and Robin Busby as tenants in common."[58] This signed statement by Ms. Busby directly conflicts with her argument now before us: "the record reveals that Robert Busby held no property rights in . . . [the residential

property] at the time the divorce decree was entered."[59] Ms. Busby signed a settlement agreement confirming ownership as tenants in common.[60] Ms. Busby attempts to claim she owned the residence in fee simple since September 2016 even though her signed mortgage settlement agreement with Guaranty confirms she owned the residential property as a tenant in common with Mr. Busby.[61] The parties also do not dispute Judge Rothstein's February 2022 opinion confirms Ms. Busby and Mr. Busby owned the residence as tenants in common since the divorce decree.[62]

Judge Chan's discussion of deed delivery law in Pennsylvania and reliance on the language in the 2017 settlement agreement and Judge Rothstein's opinion all more than plausibly support Judge Chan's finding the deed legally inoperative and Ms. Busby and Mr. Busby owned the residence as tenants in common.[63] Judge Chan found the Property Settlement Agreement "could not have been more explicit" and "the Deed was to be held in escrow and not recorded unless and until [ ] Ms. Busby refinanced or removed Mr. Busby's name from the Mortgage within sixty days of executing" the Property Settlement Agreement.[64] Judge Chan found Ms. Busby did not satisfy the condition and the deed remained in escrow and undelivered.[65]

Judge Chan's conclusion Ms. Busby and Mr. Busby held the residential property as tenants in common because the deed remained undelivered is consistent with Judge Rothstein's February 2022 opinion and the mortgage settlement agreement signed with Guaranty by Ms. Busby in 2017.[66] Judge Chan did not abuse her discretion.

    **2. Judge Chan properly found SMS Financial and Attorney Krengel did not have notice of the bankruptcy when they petitioned to strike the mistaken mortgage satisfaction to affect Mr. Busby's continuing obligations.**

Ms. Busby argues Judge Chan erroneously concluded Ms. Busby is not entitled to recover for allegedly violating the automatic stay because Ms. Busby did not show SMS

Financial or Attorney Krengel knew of Ms. Busby's bankruptcy at the time of the February 2020 petition to strike hearing or the February 7, 2020 Order granting the petition.[67] Ms. Busby further contends SMS Financial and Attorney Krengel had notice of the bankruptcy proceedings but continued to demand a payoff and ultimately collected over $100,000 from the residence's sale proceeds.[68] SMS Financial and Attorney Krengel argue they did not receive notice Ms. Busby's bankruptcy until August 5, 2021.[69] They argue Ms. Busby does not offer a date, manner, or means by which SMS or Attorney Krengel learned of the bankruptcy filing and ultimate entry of Ms. Busby's discharge.[70] We agree with SMS Financial and Attorney Krengel. Judge Chan did not abuse her discretion when she found SMS Financial and Attorney Krengel did not have notice of Ms. Busby's bankruptcy proceedings during the state court petition to strike proceedings.

Guaranty mistakenly released both Ms. Busby <u>and Mr. Busby</u> from their mortgage obligations instead of only Ms. Busby under the 2017 settlement agreement.[71] SMS Financial and Attorney Krengel petitioned to strike the mortgage satisfaction against Mr. Busby in April 2018.[72] Ms. Busby petitioned for bankruptcy relief on January 28, 2020.[73] Judge Rothstein held a hearing on the petition to strike the mistaken mortgage satisfaction and entered an order granting the petition on February 7, 2020.[74] The state court notified Ms. Busby of the proceeding but only Mr. Busby and SMS Financial attended the hearing on the petition to strike.[75]

Ms. Busby's concessions belie her arguments. Ms. Busby concedes her "Counsel did provide timely notice [of the bankruptcy proceedings] to Attorney Krengel by telephone and e-mail in August 2021."[76] This "timely notice" occurred nearly eighteen months after the February 2020 petition hearing and order granting the petition to strike Mr. Busby from the settlement satisfaction. Ms. Busby's counsel also admitted during the contempt motion hearing before

Judge Chan on April 26, 2022, "I'm not – saying that Mr. [Krengel], that the creditor knew about [ ] [the bankruptcy] at the time that it went to court and held a hearing."[77] Ms. Busby offers no basis to find SMS Financial and Attorney Krengel knew of the bankruptcy proceeding before August 2021 and certainly not when they petitioned to strike the mistaken mortgage satisfaction almost eighteen months earlier.[78]

Judge Chan did not abuse her discretion in finding SMS Financial and Attorney Krengel lacked notice of Ms. Busby's bankruptcy at the time of the February 2020 petition to strike proceedings.

### 3. Ms. Busby waived an argument her bankruptcy discharged her obligations under the Property Settlement Agreement.

Ms. Busby today argues her bankruptcy discharge eliminated her obligation to deliver the deed under the Property Settlement Agreement.[79] SMS Financial and Attorney Krengel argue Ms. Busby's bankruptcy did not excuse her pre-existing Fall 2016 obligation in the Property Settlement Agreement to refinance and release Mr. Busby's obligations before her lawyer to record the escrowed deed.[80] They also argue Ms. Busby waived this argument because she raises this argument for the first time on appeal.[81] We agree Ms. Busby waived this discharge argument.

Our Court of Appeals requires "a party to have properly brought the argument before the bankruptcy court" to avoid waiver.[82] A party waives an argument before us she fails to "adequately raise it" with a "minimum level of thoroughness" in the bankruptcy court.[83]

Ms. Busby did not argue her bankruptcy discharged the condition contained in the Property Settlement Agreement to Judge Chan. Judge Chan's August 1, 2022 memorandum does not address this argument because Ms. Busby never mentioned it before she appealed.[84] We

cannot consider this argument. Ms. Busby waived an argument her bankruptcy discharged her obligation to comply with the Property Settlement Agreement.

    **4.**  **Judge Chan properly found SMS Financial and Attorney Krengel did not violate the automatic stay.**

Ms. Busby argues "Attorney Krengel and SMS [Financial] violated the automatic bankruptcy stay when they proceeded in state court in 2020 to obtain a lien against the property of the bankruptcy estate."[85] She argues Judge Chan improperly applied 11 U.S.C. § 362(a).[86] SMS Financial and Attorney Krengel counter Judge Chan properly determined they did not seek to collect a debt from the debtor Ms. Busby or seize her property.[87] Their actions in state court and demands for payment implicated only Mr. Busby's interest in the residence.[88] We find Judge Chan properly applied section 362(a) to find SMS Financial and Attorney Krengel did not willfully violate the automatic stay.

An automatic bankruptcy stay under 11 U.S.C. § 28(a) prevents the commencement or continuation of a claim against a debtor, the enforcement of a judgment against a debtor or property of the estate, any act to obtain property of the estate, any act to enforce a lien against the property of the estate, or any act to collect on a claim arising before the bankruptcy.[89]

Judge Chan, like Judge Rothstein, found the petition to strike the mistaken mortgage satisfaction only implicated Mr. Busby and his tenancy in common interest in the residence.[90] Judge Chan agreed with Judge Rothstein "Ms. Busby's rights are in no way intertwined with SMS's Petition to Strike and the [state] court's February 7, 2020 Order granting the petition did not impair her rights in the [residence] as a tenant in common."[91]

Ms. Busby has not shown the petition to strike or Judge Rothstein's February 7, 2020 Order violated the automatic stay or implicated the concerns addressed by the automatic stay in section 362(a).[92] Judge Chan's thorough discussion of how Ms. Busby's tenancy in common

interest remained unimpaired by the petition to strike proceedings and agreement with Judge
Rothstein's findings is not an abuse of discretion.

**B. Judge Chan properly found SMS Financial and its lawyer did not violate the
discharge order by securing proceeds from the residence sale.**

Ms. Busby argues Judge Chan "clearly erred when [ ] [she] concluded . . . the debtor did
not meet the standard entitling her to damages for contempt of discharge injunction under 11
U.S.C. § 524."[93] Ms. Busby argues SMS Financial and Attorney Krengel contacted
representatives involved in the October 2021 sale of the residence seeking payoff of their
mortgage and successfully collected over $100,000.[94] SMS Financial and Attorney Krengel
counter their efforts to collect on Mr. Busby's lien does not violate the discharge order because
Mr. Busby's tenant in common interest in the residence does not constitute property of Ms.
Busby's estate.[95] We agree SMS Financial and Attorney Krengel did not act in contempt of the
discharge order.

A discharge order voids any judgment of personal liability against the debtor and
operates as an injunction of any action or act to collect a debt of personal liability against the
debtor.[96]

Judge Chan found Ms. Busby did not adduce an evidentiary basis allowing her to
establish SMS Financial and Attorney Krengel acted in contempt of the discharge order.[97] She
found their demands and collection of over $100,000 from the residence's sale proceeds focused
on Mr. Busby's tenancy in common interest only.[98] Ms. Busby's bankruptcy did not impact SMS
Financial's ability to collect on an *in rem* claim against Mr. Busby's property.[99]

We agree with Judge Chan Congress in 11 U.S.C. § 524 did not enjoin a mortgage holder
from exercising its right to collect on a mortgage interest of a non-debtor like Mr. Busby.[100] SMS
Financial and Attorney Krengel had a reasonable basis for concluding their conduct would not

violate the discharge order for Ms. Busby's estate.[101] Judge Chan did not abuse her discretion when she found SMS Financial and Attorney Krengel's conduct did not affect Ms. Busby's interest in the residence and thus they did not violate the discharge order in Ms. Busby's bankruptcy case.

## III. Conclusion

We affirm Judge Chan's denial of Ms. Busby's contempt motion. Judge Chan did not abuse her discretion when she denied Ms. Busby damages for alleged willful violations of the automatic stay and alleged violations of the discharge order.

---

[1] ECF Doc. No. 8-1 at Appx. 166b.

[2] *Id.*

[3] *Id.* at 194b. "A tenancy by the entireties is a form of co-ownership of real or personal property *by husband and wife*, by which together they hold title to the whole and right of survivorship, so that upon death of either, the other takes whole to the exclusion of the deceased's heirs." *Hill v. Dep't of Corr.*, 64 A.3d 1159, 1165 n. 4 (Pa. Commw. Ct. 2013) (citing *Johnson v. Johnson*, 908 A.2d 290 (Pa. Super. 2006)) (emphasis added). Severance of a tenancy by the entireties "may be achieved only through divorce, a joint conveyance or mutual agreement, either express or implied; a tenancy by the entireties cannot be severed or conveyed away by the independent action of one spouse." *In re Est. of Cambest*, 756 A.2d 45, 54 (Pa. Super. Ct. 2000) (quoting *Fazekas v. Fazekas*, 737 A.2d 1262, 1264 (Pa. Super. Ct. 1999)).

[4] ECF Doc. No. 8-1 at Appx. 186b, 203b.

[5] *Id.* at 194b.

[6] ECF Doc. No. 8 at Appx. 17a ("As the State Court Opinion noted, and all parties recognize, this contingency did not come to pass by the time the hearing on the Petition to Strike was held or February 2020 Order entered – in fact, [Ms. Busby] did the exact opposite following the Divorce Decree.").

[7] *Id.*

[8] ECF Doc. No. 8-1 at Appx. 20b.

[9] *Id.* at 184b.

[10] 23 Pa. Cons. Stat. Ann. §3507 (providing divorced persons now hold their joint property as tenants in common of equal one-half shares in value).

[11] ECF Doc. No. 8-1 at Appx. 212b–216b.

[12] *Id.*

[13] *Id.*

[14] *Id.* at 254b–256b.

[15] *Id.* at 259b.

[16] *Id.* at 222b–227b.

[17] *Id.* at 271b.

[18] *Id.* at 272b.

[19] *Id.* at 1b.

[20] *Id.* at 272b.

[21] *Id.*

[22] *Id.* at 42b.

[23] *Id.* at 22b.

[24] ECF Doc. 2-2 at 102.

[25] ECF Doc. No. 8-1 at Appx. 37b, 40b–41b, 45b, 281b.

[26] *Id.* at 35-36b, 39b.

[27] *Id.* at 51b.

[28] ECF Doc. No. 8 at 24.

[29] ECF Doc. No. 8-1 Appx. 48b, 279b–280b.

[30] *Id.* at 246b.

[31] *Id.* at 153b.

[32] *Id.*

[33] *Id.* at 269b–278b. Ms. Busby appealed Judge Rothstein's Order denying her petition to strike or vacate Judge Rothstein's February 7, 2020 Order on January 18, 2022. The state court appeal is currently stayed pending our proceedings. *SMS Financial v. Robert G. Busby*, 141 EDA 2022 (Pa. Super. 2022).

[34] ECF Doc. No. 8-1 at Appx. 24b, 28b, 29b.

[35] *Id.* at 29b.

[36] ECF Doc. No. 8 at Appx. 3a, 14a–23a.

[37] *Id.* at 1a.

[38] *Id.* at 10–11.

[39] ECF Doc. No. 9 at 11; ECF Doc. No. 10 at 18–19.

[40] ECF Doc. No. 8 at 20.

[41] *Id.* at 19a–20a.

[42] *Id.* at 22a.

[43] *F.T.C. v. Lane Labs-USA, Inc.*, 624 F.3d 575, 581 (3d Cir. 2010) (citing *Marshak v. Treadwell*, 595 F.3d 478, 485 (3d Cir.2009)).

[44] *Lane Labs-USA, Inc.*, 624 F.3d at 581; *Roe v. Operation Rescue*, 54 F.3d 133, 137 (3d Cir.1995).

[45] *Lane Labs-USA, Inc.*, 624 F.3d at 581 (citing *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 399 F.3d 248, 254 (3d Cir.2005)).

[46] *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009); *United States v. Igbonwa*, 120 F.3d 437, 441 (3d Cir. 1997) ("[W]hen the district court's decision is based on testimony that is coherent and plausible, not internally inconsistent and not contradicted by external evidence, there can almost never be a finding of clear error").

[47] ECF Doc No. 8 at 26–27.

[48] ECF Doc. No. 9 at 11–19; ECF Doc. No. 10 at 18–30.

[49] *Giles*, 571 F.3d at 322.

[50] ECF Doc. No. 8 at 26–29.

[51] ECF Doc. No. 9 at 12–15; ECF Doc. No. 10 at 21–24.

[52] ECF Doc. No. 9 at 13.

[53] *Id.* at 12–15; ECF Doc. No. 10 at 21–24.

[54] ECF Doc. No 8-1 at Appx. 212b.

[55] *Id.* at 270b; ECF Doc. No. 9 at 15; ECF Doc. No. 10 at 17. "Conditional delivery or a delivery in escrow of a deed is not a delivery to the grantee." *DiMaio v. Musso*, 762 A.2d 363, 365 (Pa. Super. Ct. 2000).

[56] ECF Doc. No. 8-1 at Appx. 270b; ECF Doc. No. 9 at 15; ECF Doc. No. 10 at 17. "Delivery of a deed is necessary to render it legally operative." *In re Estate of Plance*, 175 A.3d 249, 250  (Pa. 2017) (quoting *Stiegelmann v. Ackman*, 41 A.2d 679, 681 (Pa. 1945)).

[57] ECF Doc. No. 8-1 at Appx. 273b.

[58] *Id.* at 212b.

[59] ECF Doc. No. 8 at 27.

[61] *Id.*; ECF Doc. No. 8-1 at Appx. 212b.

[62] ECF Doc. No. 8-1 at Appx. 270b.

[63] ECF Doc. No. 8 at Appx. 16a–20a.

[64] *Id.* at 18a.

[65] *Id.*

[66] *Id.*

[67] ECF Doc. No. 8 at 37, ECF Doc. No. 8 at Appx. 16a.

[68] *Id.*

[69] ECF Doc. No. 9 at 17; ECF Doc. No. 10 at 25.

[70] ECF Doc. No. 9 at 17.

[71] ECF Doc. No. 8-1 at Appx. 254b–256b.

[72] *Id.* at 222b–226b.

[73] *Id.* at 1b.

[74] *Id.* at 42b.

[75] *Id.* at 272b.

[76] ECF Doc. No. 8 at 26.

[77] ECF Doc. No. 9-1 at Appx. 28c; ECF Doc. No. 9 at 17.

[78] ECF Doc. No. 8 at 37.

[79] *Id.* at 38.

[80] ECF Doc. No. 9 at 20–21.

[81] *Id.*

[82] *In re Imerys Talc Am., Inc.*, 38 F.4th 361, 372 (3d Cir. 2022) (citing *In re Trib. Media Co.*, 902 F.3d 384, 400 (3d Cir. 2018) (citing *Buncher Co. v. Off. Comm. of Unsecured Creditors of GenFarm Ltd. P'ship IV*, 229 F.3d 245, 253 (3d Cir. 2000)).

[83] *In re Imerys Talc Am., Inc.*, 38 F.4th at 372 (citing *In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 262 (3d Cir. 2009)).

[84] ECF Doc. No. 8 at Appx. 4a–23a.

[85] ECF Doc. No. 8 at 27, 41–47.

[86] *Id.* at 27.

[87] ECF Doc. No. 9 at 16–19, ECF Doc. No. 10 at 28.

[88] *Id.*

[89] 11 U.S.C. § 362(a)(1)–(6). An automatic stay prevents "(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the

commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; (4) any act to create, perfect, or enforce any lien against property of the estate; (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." *Id.*

[90] ECF Doc. No. 8 at Appx. 16a.

[91] *Id.* at 19a.

[92] *Id.* at 16a–20a.

[93] ECF Doc. No. 8 at 27.

[94] *Id.* at 49.

[95] ECF Doc. No. 9 at 19; ECF Doc. No. 10 at 28–32.

[96] 11 U.S.C. § 524. A discharge order "(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1192, 1228, or 1328 of this title, whether or not discharge of such debt is waived; (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and (3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1192, 1228(a)(1), or 1328(a)(1), or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived." *Id.*

[97] ECF Doc. No. 8 at Appx. 22a.

[98] *Id.*

[99] *Id.*

[100] *Id.*

[101] *Id.*